# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ABREGO GALBAN,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-00867-JLT-SAB-HC<br>ORDER GRANTING PETITIONER'S MOTION TO AMEND<br>(ECF No. 27) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 2, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus. (ECF No. 1.) On March 6, 2026, Respondents filed a response to the petition. (ECF No. 11.) On March 20, 2026, the Court granted the Federal Defender's amicus motion and appointed counsel for Petitioner. (ECF No. 13.) On May 1, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 16.) Respondents filed a response, and Petitioner filed a reply. (ECF Nos. 17, 18.)

On July 26, 2026, counsel for Petitioner submitted a status report indicating that the pending FAP was premised on the truth of Respondents' assertion that an order of removal was issued against Petitioner on September 23, 2025. Petitioner's counsel learned that Petitioner recently filed his I-589 and that if an order of removal was previously issued against him, it is no longer valid. (ECF No. 19.)

On August 18, 2026, Petitioner filed the instant motion to amend. (ECF No. 27.) On August 26, 2026, Respondents filed an opposition, and Petitioner filed a reply on August 27, 2026. (ECF Nos. 28, 29.)

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Petitioner's original pro se form petition stated that Petitioner "was ordered deported/removed on or about September 23rd, 2025." (ECF No. 1 at 2.) In their response to the original petition, Respondents state: "Respondents contend Petitioner is subject to mandatory detention for two reasons under both Section 1225 and Section 1231's mandatory detention procedures. Petitioner is a native of Mexico and is not a United States citizen. Doc. 1 at 2. He was ordered deported on September 23, 2025. *Id.*" (ECF No. 11 at 1.)

Respondents state that "their March 6 filing cite[s] to Petitioner's assertions in his own petition" and "was not a misstatement by Respondents as petitioner claims." (ECF No. 28 at 2.) Respondents argue that Petitioner's "claim, instead, appears to be an attempt to create pretextual justification to amend his petition again" and "that the true purpose of the instant motion for leave to amend is to include a request for a bond hearing as a remedy that was not sought in any of his other petitions." (Id.) Petitioner contends that the "FAP includes claims for relief that are dependent upon the existence of a removal order," "[t]here are no claims in the FAP that are

based on Petitioner's status as a noncitizen in removal proceedings that have not concluded," and the proposed second amended petition includes "claims and remedies that are appropriate to a petitioner subject to 8 U.S.C. § 1226(a)." (ECF No. 27-1 at 3; ECF No. 29 at 4.) Claims and remedies for noncitizens subject to a final order of removal are different from claims and remedies for noncitizens whose removal proceedings are still pending. Accordingly, the Court rejects Respondents' contention that Petitioner's claim is a pretextual justification to request a bond hearing that was not previously sought.

Respondents also argue that "leave to amend is not appropriate here because it would be futile in view of Petitioner's failure to exhaust his administrative remedies." (ECF No. 28 at 2.) Petitioner previously "asked an immigration judge if he could obtain an immigration court bond hearing and was told that he could not, absent a federal court order." (ECF No. 29 at 3 (citing ECF No. 27-2 at 2).)

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

"[W]here the agency's position on the question at issue 'appears already set,' and it is 'very likely' what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." El Rescate Legal Servs., Inc. v. Exec. Off. of Immigr. Rev., 959 F.2d 742, 747 (9th Cir. 1991) (quoting SAIF Corp./Oregon Ship v. Johnson, 908 F.2d 1434, 1441 (9th Cir. 1990)). "The Court joins the multitude of district courts to consider this issue recently in the context of habeas petitions filed by immigrant detainees and finds 'pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens detained in the United States without admission are "seeking admission" for

purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained.'" Cerro Huerta v. Bondi, No. 1:25-cv-00941-JLT-HBK (HC), 2026 WL 74152, at *3 (E.D. Cal. Jan. 9, 2026) (quoting Singh v. Andrews, No. 1:25-cv-01543-DCJ-SCR, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025)). Accordingly, the Court finds that prudential exhaustion can be waived and that amendment is not futile.

Based on the foregoing, the Court finds that there is no undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies by previous amendments, undue prejudice to Respondents, or futility of the proposed amendment. Accordingly, leave to amend is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). Here, granting Petitioner's motion to amend does not dispose of a claim or defense or preclude the ultimate relief sought.

Based on the foregoing, and in accordance with the previous scheduling order (ECF No. 26), the Court HEREBY ORDERS that:

1. Petitioner's motion to amend (ECF No. 27) is GRANTED.
2. Within fourteen (14) days of the date of service of this order, Petitioner SHALL file a second amended petition;
3. Respondents SHALL file an opposition, motion to dismiss, or response within seven (7) days from the date the second amended petition is filed; and

4. Petitioner MAY file a reply within three (3) days from the date the opposition is filed.

IT IS SO ORDERED.

Dated: **August 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge