# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS ABREGO GALBAN,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-00867-JLT-SAB-HC<br>FINDINGS AND RECOMMENDATION TO GRANT SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING<br>(ECF No. 31) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who arrived in the United States as a child with his mother on July 2, 2015. (ECF No. 31 at 2; ECF No. 31-1 at 2; ECF No. 31-2 at 12–13.[1]) At that time, Petitioner and his mother were charged with violating Immigration and Nationality Act ("INA") § 212(a)(7)(i)(I), and his mother indicated that she would seek asylum. (ECF No. 31 at 2; ECF No. 31-1 at 2; ECF No. 31-2 at 3–5.) On July 5, 2015, Petitioner and his mother were released on parole with reporting requirements. (ECF No. 31 at 2; ECF No. 31-1 at 2; ECF No. 31-2 at 7.) Petitioner received employment authorization from the U.S. Government on January 30, 2017. (ECF No. 31 at 2; ECF No. 31-2 at 9.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

In May 2025, Petitioner was convicted of driving under the influence and was sentenced to 180 days in jail with five years of probation. In July 2025, Petitioner was convicted of driving under the influence and was sentenced to 364 days in jail and one year of probation. (ECF No. 17-2 at 8–9; ECF No. 31 at 3; ECF No. 31-1 at 3; ECF No. 31-2 at 13.) Upon his release from jail, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on September 23, 2025. (ECF No. 31 at 3; ECF No. 31-1 at 3; ECF No. 31-2 at 13.)

On February 2, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus. (ECF No. 1.) On March 6, 2026, Respondents filed a response to the petition. (ECF No. 11.) On March 20, 2026, the Court granted the Federal Defender's amicus motion and appointed counsel for Petitioner. (ECF No. 13.) On May 1, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 16.) On July 26, 2026, counsel for Petitioner submitted a status report indicating that the pending FAP was premised on an order of removal having been issued against Petitioner on September 23, 2025. Petitioner's counsel learned that Petitioner recently filed his I-589 and that if an order of removal was previously issued against him, it is no longer valid. (ECF No. 19.) On August 18, 2026, Petitioner a motion to amend, which the Court granted on August 28, 2026. (ECF Nos. 27, 30.)

On August 29, 2026, Petitioner filed a second amended petition ("SAP"), raising the following claims for relief: (1) prolonged detention; (2) unlawful re-detention, in violation of procedural due process; (3) violation of the Administrative Procedure Act; and (4) violation of the INA. (ECF No. 31 at 21–25.) On September 4, 2026, Respondents filed a response, and Petitioner filed a reply on September 8, 2026. (ECF Nos. 32, 33.) On September 22, 2026, Respondents filed a supplement. (ECF No. 35.)

**II.**

**DISCUSSION**

Respondents assert that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(1)(A) and do not address Petitioner's unlawful re-detention due process claim. (ECF No. 32 at 2.) This Court has found that a petitioner's re-detention without a pre-deprivation hearing after having previously been released from immigration detention violates due process. See, e.g., Garcia v.

Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025). As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends granting the petition for writ of habeas corpus on the second claim for relief.[2]

Petitioner argues that a "post-deprivation bond hearing provided more than eleven months after Petitioner was re-detained cannot cure the government's failure to provide pre-deprivation process" and that release is the appropriate remedy. (ECF No. 33 at 8.) However, given Petitioner's two convictions for driving under the influence, the Court recommends that a post-deprivation hearing is appropriate, and that "the burden at any such hearing [be placed] on the government to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight." J.E.H.G. v. Chestnut, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) (citing Pinchi v. Noem, 792 F. Supp. 3d 1025, 2025 WL 2084921, at *7 (N.D. Cal. 2025)). See Avila v. Warden of the Golden State Annex Ice Det. Facility, No. 1:26-CV-00631 JLT EPG (HC), 2026 WL 865898, at *1 (E.D. Cal. Mar. 30, 2026) ("Because the record indicates that Petitioner has sustained at least one conviction for driving under the influence since his release on recognizance, the Court concludes that a bond hearing is the appropriate remedy."); C.A.R.V. v. Wofford, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549 (E.D. Cal. Nov. 3, 2025); Sing Gill v. Chestnut, No. 1:26-CV-00521-JLT-EPG-HC, 2026 WL 618247 (E.D. Cal. Mar. 5, 2026); J.E.H.G., 2025 WL 3523108, at *14 ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is

[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention.”).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The second amended petition for writ of habeas corpus (ECF No. 31 be GRANTED on the second claim for relief; and
2. Respondents be directed to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendation.” Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge’s ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 24, 2026**



STANLEY A. BOONE
United States Magistrate Judge