**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE LUIS ABREGO GALBAN,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-00867 JLT SAB (HC)<br>A-Number: 208-307-668<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 31, 36) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 24, 2026, the magistrate judge issued findings and recommendations that the second amended petition for writ of habeas corpus be granted, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 36.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 4, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) To date, no objections have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and

recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 24, 2026 (Doc. 36) are **ADOPTED IN FULL**.
2. The second amended petition for writ of habeas corpus (Doc. 31) is **GRANTED** on the second claim for relief.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
6. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.

///

///

///

///

7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 26, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE